**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

MICHAEL C. SOODJINDA,                    )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )         Case No. 4:25-cv-00846-RK
                                          )
THE WHOLE PERSON, INC.,                   )
                                          )
                    Defendant.            )

**ORDER**

Before the Court is a single filing submitted by pro se Plaintiff Michael C. Soodjinda seeking (1) entry of default against Defendant The Whole Person, Inc. ("TWP") (for the second time), and (2) partial summary judgment on his retaliation claim.[1]  (Doc. 29.)

Plaintiff filed this pro se employment discrimination action on October 27, 2025.  (Doc. 1.)  TWP was served on February 24, 2026.  (Doc. 4; Doc. 10 at ¶ 3.)  However, TWP did not file an answer or responsive pleading.   On April 30, 2026, the Court denied without prejudice Plaintiff's pro se motion for entry of default for failure to comply with Local Rule 55.1.  (Doc. 8.)  On May 5, 2026, Attorneys Samantha Monsees and Harper E. Palmer of the law firm Fisher Phillips LLP entered an appearance on behalf of TWP.  (Doc. 9.)  Three days later, on May 8, 2026, TWP filed a motion for leave to file a responsive pleading out of time, (Doc. 10); Plaintiff filed a response in opposition on May 27, 2026,[2] (Doc. 14).

Plaintiff first argues (for the second time) that he is entitled to entry of default pursuant to Federal Rule of Civil Procedure 55(a) because TWP has failed to timely answer or respond to his

---

[1] Plaintiff Soodjinda also filed a "Defendant's Notice of Supplemental Evidence in Opposition to Plaintiff's Motion for Summary Judgment," wherein he identifies himself as "Defendant Michael C. Soodjinda," and asks that the three exhibits attached to the filing "be considered in opposition to Plaintiff's [The Whole Person, Inc.] Motion for Summary Judgment."  (Doc.  30.)  Mr. Soodjinda is the plaintiff in this action and he has sued TWP, among other defendants.  (*See* Doc. 28.)  TWP has not filed a motion for summary judgment in this case.

[2] After TWP filed its motion for leave to respond to the complaint out of time, the Court received a change-of-address notice by Plaintiff, (Doc. 11), and became aware that Plaintiff may not have properly received notice of TWP's motion, (*see* Doc. 13).  Counsel for TWP included a copy of their motion for leave in an email to Plaintiff on May 20, 2026; moreover, the Court mailed Plaintiff a courtesy copy and *sua sponte* extended Plaintiff's response deadline as to that motion.  (Doc. 13.)

complaint. Plaintiff's second request for entry of default fails for a number of reasons. As the Court has previously notified Plaintiff, (*see* Doc. 8), prior to entry of default, Plaintiff must satisfy, *inter alia*, the requirements of Local Rule 55.1, which include that the moving party show by declaration or affidavit "that the party against whom default is sought was properly served with the summons and complaint in a manner authorized by Federal Rule of Civil Procedure 4; [] that the party has failed to timely plead or otherwise defend; [and] that proper notice of the intention to seek an entry of default as described [in Local Rule 55.1(a)] has been accomplished." Plaintiff has not satisfied this requirement. In addition, and more importantly, the Court has granted Plaintiff's motion to amend his complaint pursuant to Rule 15(a)(2). (Doc. 27.) TWP's time to respond to the Amended Complaint has not expired (its answer/responsive pleading to the Amended Complaint is due on or before June 25, 2026). Insofar as Plaintiff argues that he is entitled to an entry of default "because [TWP's] purported counsel's filings are procedurally defective and made under a disqualifying conflict," Plaintiff's contention is repetitive of other various motions already on file, (*see* Docs. 18, 19, 22, and 23 at 1-7), which are not yet fully briefed; therefore, Plaintiff's contention will be addressed in an order related to those filings at a later date.[3] For these reasons, Plaintiff's request for entry of default is **DENIED**.

As to Plaintiff's request for partial motion for summary judgment on his retaliation claim, Rule 56 requires a party moving for summary judgment to show (1) there is no dispute as to any material fact, and (2) based on those undisputed material facts, the moving party is entitled to judgment as a matter of law. To assert undisputed material facts, Rule 56(c)(1) requires that a party cite to factual support in the summary judgment record as developed through discovery. *See Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (The moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue[.]"); *see also* Local Rule 56.1(a). The Court is not required to speculate about which portion of the record a party relies or comb through

---

[3] Plaintiff is reminded that even though he is proceeding in this case pro se, he must still follow the rules and procedures applicable to federal civil litigation practice that apply in all cases proceeding in federal court. Plaintiff is cautioned to ensure that further filings he makes in this matter are proper under the rules and procedures of federal litigation practice. Future filings denominated by Plaintiff as separate "motions" that simply restate, reargue, or reassert arguments or issues previously raised by Plaintiff (or another party) that are then pending before the Court—and which cannot be construed as a properly filed brief (i.e., as suggestions in support, suggestions in opposition, or a reply) vis-à-vis a then-pending motion—may be reviewed and docketed as a "notice of filing" without further notice.

the record to find that might support his position on summary judgment. *See Brown v. City of Jacksonville*, 711 F.3d 883, 888 n.5 (8th Cir. 2013); *see also Walker v. Mo. Dep't of Corr.*, No. 20-CV-04251-NKL, 2022 WL 4091863, at *3 (W.D. Mo. Aug. 1, 2022), *aff'd*, No. 22-2881, 2023 WL 2822131 (8th Cir. Apr. 7, 2023) ("Even when evidence is properly presented in connection with a summary judgment motion, the Court is not required to comb through the record to find facts that might support a party's position on summary judgment. . . . It is each party's obligation to highlight in their statements of undisputed facts and their briefs the facts that support their claims."). Plaintiff's summary judgment motion fails to cite any record support for the asserted facts therein and does not comply with Local Rule 56.1 governing summary judgment practice. Accordingly, Plaintiff's request for partial motion for summary judgment is **DENIED without prejudice**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 15, 2026