**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL C. SOODJINDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00846-RK |
| | ) | |
| THE WHOLE PERSON, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Plaintiff Michael C. Soodjinda, former Chief Executive Officer of the nonprofit The Whole Person, Inc. ("TWP"), brings this pro se employment discrimination action against TWP asserting claims under federal and state employment-discrimination laws.  Before the Court are a myriad of motions filed by Plaintiff which largely seek sanctions and disqualification of defense counsel.  On May 28, 2026, Plaintiff filed a motion for sanctions against defense counsel and a motion to disqualify defense counsel. (Docs. 18, 19.) TWP responded to those motions. (Doc. 25.)  Plaintiff has not filed a reply and the time for doing so has passed.  On June 7 and 8, 2026, Plaintiff filed two more motions to disqualify defense counsel.  (Docs. 22, 23 at 1-7.)  In addition, on June 16 and 17, 2026, Plaintiff filed a motion to resolve his pending motions to disqualify counsel prior to the parties' conference for purposes of Federal Rule of Civil Procedure 26(f) and a second motion for sanctions.  (Docs. 33, 34.)  These motions raise substantially similar arguments to Plaintiff's initial motions.

## Background

This is not the first time Plaintiff has sued TWP.  On October 3, 2024, Plaintiff filed a breach of contract action against TWP in Missouri state court.  *Michael C. Soodjinda v. The Whole Person, Inc.*, Case No. 2416-CV28642.  Alan L. Rupe of Lewis Brisbois Bisgaard & Smith LLP and Karen Donnelly of Copilevitz, Lam & Raney, P.C., represented TWP in that action.  On February 5, 2026, (after Plaintiff filed this employment-discrimination action) the Circuit Court of Jackson County entered judgment against Plaintiff awarding TWP $282,145 in damages as to its counterclaims filed against Plaintiff.

In addition to this employment discrimination lawsuit against TWP, on April 2, 2026, Plaintiff filed a second pro se employment discrimination action in this Court against Katie's Way

Master MCO, LLC ("Katie's Way") and Jeff Mathis. *Soodjinda v. Katie's Way*, Case No. 4:26-cv-00287-DGK ("Katie's Way Case"). Plaintiff alleges he worked at Katie's Way after working at TWP.

Attorney Samantha J. Monsees of Fisher & Phillips, LLP ("Fisher Phillips") entered her appearance on behalf of defendants in the Katie's Way Case on April 27, 2026. (Katie's Way Case, Doc. 5.) On May 18, 2026, Attorney Monsees moved to withdraw, citing Missouri Supreme Court Rule 4-1.16(b)(5), which provides that an attorney may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." (Katie's Way Case, Doc. 9.) District Judge Greg Kays, the judge assigned to the Katie's Way Case, denied Attorney Monsees' motion to withdraw without prejudice, citing to Local Rule 83.2 and explaining that a renewed motion to withdraw would be considered upon appearance of substitute counsel. (Katie's Way Case, Doc. 10.) On June 11, 2026, after substitute counsel from a different law firm (Jackson Lewis P.C.) entered their appearance on behalf of the Katie's Way defendants, Attorney Monsees' renewed motion to withdraw as counsel was granted. (Katie's Way Case, Doc. 24.)

## I. Motions to Disqualify Counsel (Docs. 19, 22, 23 at 1-7)

Plaintiff seeks to disqualify Attorneys Rupe, Donnelly, Carla Barksdale, Monsees, and Harper E. Palmer from participation in this action. Attorneys Rupe, Donnelly, and Barksdale are not attorneys of record in this action, however.[1] Plaintiff's motions to disqualify these attorneys is accordingly **DENIED**.

"A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." *Macheca Transp. Co. v. Phila. Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (internal quotation omitted). "[M]otions to disqualify are 'subjected to particular scrutiny' because of the potential for abuse by opposing counsel," or in this case, opposing pro se litigants. *Kitchin v. Bridgeton Landfill, LLC*, 631 F. Supp. 3d 752, 755 (E.D. Mo. 2022) (quoting *Macheca Transp. Co.*, 463 F.3d at 833). Plaintiff, as movant, "bears the burden of showing that continuing representation would be impermissible." *Id.*

---

[1] As best as the Court can discern, Plaintiff's reference to Attorneys Rupe and Donnelly refer to counsel in the state court case. Attorney Barksdale is not listed as counsel in any of the three cases.

As to Attorneys Monsees and Palmer of Fisher Phillips, Plaintiff asserts that they should be disqualified because their representation of TWP violates the Missouri Rules of Professional Conduct. Plaintiff argues that Fisher Phillips attorneys concurrently represented TWP in this case and the Katie's Way Case, creating a conflict of interest in violation of Rule 4-1.7. Plaintiff also asserts that Fisher Phillips attorneys breached their duty of confidentiality in violation of Rule 4-1.6 when they disclosed "information [that, although] technically 'public' (a filed lawsuit)" to Katie's Way, including "the nature of the allegations, the evidence, and Plaintiff's litigation strategy." (Doc. 22 at 4.)

The Western District of Missouri has adopted the Missouri Supreme Court's Rules of Professional Conduct. Local Rule 83.6(c)(1). Rule 4-1.7(a) provides that a concurrent conflict of interest arises when "(1) the representation of one client will be directly adverse *to another client*; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." (Emphasis added). Rule 4-1.6(a) states that counsel "shall not reveal information relating to the representation of a client," absent informed consent, implied authorization, or disclosure permitted by Rule 4-1.6(b).

As an initial matter, Plaintiff must demonstrate that he "has standing to raise the issues in [his] disqualification motion." *In re Centurylink Sales Pracs. & Sec. Litig.*, No. CV 17-2832, 2020 WL 3513547, at *6 (D. Minn. June 29, 2020) (quoting *O'Connor v. Jones*, 946 F.2d 1395, 1400 (8th Cir. 1991)); *see also PIKA Int'l, Inc. v. Am. Pulverizer, Inc.*, No. 4:09CV0373 TCM, 2009 WL 1351123, at *2 (E.D. Mo. May 13, 2009) (a party seeking disqualification of counsel must show "an injury in fact" without resting "his claim to relief on the legal rights or interests of third parties" (internal citations and quotation marks omitted)). Generally, only current and former clients "have standing to seek disqualification based on a conflict of interest." *Cane v. Stevenson*, No. 25-CV-3045 (LMP/LIB), 2026 WL 972947, at *3 (D. Minn. Apr. 10, 2026) (collecting cases). There are exceptions to this general rule, however—such as by the movant demonstrating that "'he will be prejudiced by the conflicted representation' or 'when there is a perceived threat to the fairness of the proceeding because the conflicted parties are not aware of or are unable to appreciate the seriousness and injustice of the conflict.'" *Id.* (quoting *Adams v. Best W. Int'l, Inc.*, 8:24-cv-102, 2025 WL 1359007, at *4 (D. Neb. May 9, 2025)).

3

Here, Plaintiff's conflict-of-interest-arguments demonstrate that he lacks standing to raise a conflict-of-interest issue, in that he argues that Fisher Phillips' simultaneous representation of TWP and Katie's Way was adverse to *him* rather than TWP or Katie's Way. (Doc. 22 at 3, Doc. 23 at 5-6.) Plaintiff does not argue or establish that he is a client or former client of Fisher Phillips, and he fails to demonstrate that he will be prejudiced or that he otherwise has standing to bring the motions to disqualify Attorneys Monsees or Palmer. The same reasoning extends to Plaintiff's motions to disqualify Attorneys Monsees or Palmer on breach of confidentiality grounds. *See Colyer v. Smith*, 50 F. Supp. 2d 966, 972-72 (C.D. Cal. 1999). Plaintiff has not established a duty of confidentiality that Fisher Phillips attorneys owed to him—let alone as a nonclient, but as an adverse party.

Even if Plaintiff had standing to bring the motions to disqualify Attorneys Monsees or Palmer, the motions would nevertheless fail. As set forth above, Plaintiff misunderstands the Rules of Professional Conduct which largely protect current and former clients of attorneys—not adverse litigants. Plaintiff has not identified a conflict of interest between *clients* or another person owed a duty by Fisher Phillips which violates Missouri Supreme Court Rule 4-1.7(a). Even if he had, Attorney Monsees and Fisher Phillips have withdrawn from representation of defendants in the Katie's Way Case. Insofar as Plaintiff argues that Fisher Phillips attorneys impermissibly shared "confidential" information about the current case with Katie's Way, not only does Plaintiff himself point out that the information shared was publicly available, he fails to establish any duty of confidentiality owed to him by Fisher Phillips. For these reasons, Plaintiff's motions to disqualify Attorneys Monsees and Palmer of the law firm Fisher Phillips are **DENIED**.

## II. Motions for Sanctions (Docs. 18, 33)

Plaintiff's first motion for sanctions, (Doc. 18), seeks sanctions against TWP and Attorneys Rupe and Donnelly in the form of striking certain pleadings and disqualifying counsel. As stated above, Attorneys Rupe and Donnelly do not represent TWP in this action; they have not filed any pleadings or entered their appearances. Rather, it appears that Plaintiff asks the Court to sanction counsel who represented TWP in the state court case. This is not the time or place to do so. Plaintiff's motion for sanctions with respect to Attorneys Rupe and Donnelly is **DENIED**.

Plaintiff's second motion for sanctions, (Doc. 33), seeks sanctions against TWP primarily based on alleged actions by Attorney Monsees. Plaintiff requests that the Court strike TWP's

4

answer, enter default judgment in his favor on all counts, and set a hearing to determine his damages.

To the extent that Plaintiff seeks damages pursuant to Federal Rule of Civil Procedure 37, his request, which in no way relates to violation of a discovery order, is **DENIED**.

Insofar as Plaintiff seeks sanctions pursuant to the Court's inherent authority, Plaintiff fails to demonstrate conduct by TWP or its attorneys which warrants sanctions. A district court has the inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process." *Duranseau v. Portfolio Recovery Assocs.*, 644 F. App'x 702, 707 (8th Cir. 2016) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45, (1991)). "[S]triking a party's pleadings, thereby resulting in a default judgment, is within the range of appropriate sanctions when a party engages in a pattern of deceit by presenting false and misleading testimony under oath." *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694 (8th Cir. 2001) (citing *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1020 (8th Cir. 1999)).

Plaintiff claims that Attorney Monsees intentionally misrepresented to this Court that her withdrawal in the Katie's Way Case was for "unrelated reasons." It is unclear what Plaintiff infers to be Attorney Monsees' apparent ulterior motive for withdrawing. Aside from Plaintiff's conclusory allegations, there is no evidence that Attorney Monsees or any other counsel of record in this case has lied or otherwise presented false information to the Court. To the extent Attorney Monsees and Fisher Phillips withdrew as counsel of record for Katie's Way to avoid the appearance of any conflict, the Court would not find any basis to impose sanctions on the current record for doing so. Second, Plaintiff claims TWP intentionally and in bad faith failed to serve him with TWP's motion for leave to file an answer out of time, (Doc. 10). Again, Plaintiff fails to present any evidence of intentional bad-faith conduct; instead, the *delay* in service of TWP's motion was inadvertent. Moreover, the Court already remedied the delay in service by ensuring he received the motion for leave and providing Plaintiff additional time to respond to TWP's motion. (Doc. 13.) Third, Plaintiff argues that TWP is using "poisoned" evidence and "conflicted counsel." Plaintiff's assertions are wholly conclusory, and he fails to identify any wrongful action taken by TWP or its counsel in this action.

For these reasons, Plaintiff's motions for sanctions, (Docs. 18, 33), are **DENIED**.

## Conclusion

After careful consideration and for the reasons stated above, the Court **ORDERS** that (1) Plaintiff's motions to disqualify counsel, (Docs. 19, 22, 23 at 1-7), are **DENIED**; (2) Plaintiff's motions for sanctions, (Docs. 18, 33), are **DENIED**; and (3) Plaintiff's motion to resolve his pending motions to disqualify counsel prior to the parties' conference for purposes of Federal Rule of Civil Procedure 26(f), (Doc. 34), is **DENIED as moot**.  Plaintiff is instructed that future filings that merely seek to re-litigate these issues and which are not grounded in seeking proper relief under any applicable Federal Rule of Civil Procedure and proper civil litigation practice in federal court may be summarily denied without further notice.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED:  June 26, 2026

6