# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

MICHAEL C. SOODJINDA, )
)
    Plaintiff, )
)
    v. )  Case No. 4:25-cv-00846-RK
)
THE WHOLE PERSON, INC., )
)
    Defendant. )

## ORDER

Before the Court are pro se Plaintiff Michael C. Soodjinda's motion for preliminary injunction, (Doc. 41), and motion for temporary restraining order, (Doc. 57), both of which request that the Court stay a state court garnishment proceeding against him.[1] After careful consideration and review and for the reasons explained below, the motions are **DENIED**.

### Background

Plaintiff, former Chief Executive Officer of the nonprofit The Whole Person, Inc. ("TWP"), brings this pro se action against TWP asserting federal discrimination claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as well as state law claims for breach of contract and other tort actions—all arising out of Plaintiff's former employment with TWP and TWP's alleged conduct in a subsequent Missouri state court lawsuit. (Doc. 28.)

Following Plaintiff's termination from TWP on April 12, 2024, Plaintiff sued TWP in the Circuit Court of Jackson County, Missouri, for breach of an alleged written employment agreement. *Michael C Soodjinda v. The Whole Person, Inc.*, Case No. 2416-CV28642. Plaintiff alleged TWP failed to pay him severance pay, accrued unused paid time off, and bonuses. TWP answered and filed counterclaims against Plaintiff, alleging Plaintiff forged the alleged employment agreement, unilaterally increased his own compensation, falsified board minutes, breached fiduciary duties, was unjustly enriched, invalidly attempted to alter TWP's Board of Directors' composition, and converted TWP property. TWP moved for summary judgment on all

---

[1] Other motions remain pending, including Defendant The Whole Person's motion to dismiss and motion to stay discovery, (Docs. 36, 45), and Plaintiff's motion to strike and motion to amend his response to the motion to dismiss, (Docs. 40, 50). The motions are only recently ripe for ruling. The Court will rule upon those motions in due course in a separate order.

of the claims in Plaintiff's petition as well as TWP's counterclaims. (Doc. 37-3.) On February 5, 2026, the Missouri state court granted TWP's motion for summary judgment in full and awarded TWP $282,145.00 in damages. (Doc. 37-6.) On May 8, 2026, TWP registered the Missouri state court judgment in the District Court of Johnson County, Kansas. *The Whole Person, Inc. v. Michael C Soodjinda*, No. JO-2026-MV-000261 ("State Garnishment Proceeding"). On May 11, 2026, TWP requested garnishment against Soodjinda, which the Kansas state court granted on May 13, 2026.

## Discussion

On June 29, 2026, Plaintiff filed his motion for preliminary injunction requesting the Court enjoin the State Garnishment Proceeding, including by staying the enforcement, ordering the immediate release of frozen funds, and suspend any active garnishment writs. (Doc. 41.) TWP opposes the preliminary injunction. (Doc. 54 at 2-5.) Plaintiff filed his reply brief in support of the motion for preliminary injunction on August 2, 2026. (Doc. 56.) The same day, Plaintiff filed the motion for temporary restraining order which likewise requests the Court to enjoin the State Garnishment Proceeding. (Doc. 57.)

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of preliminary injunctions and temporary restraining orders. The Court evaluates whether a preliminary injunction or temporary restraining order should issue by weighing the factors outlined in *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). However, both the preliminary injunction and temporary restraining order motions seek relief that the Court cannot grant. The Anti Injunction Act ("AIA") provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Court must construe the three exceptions set forth in the AIA "narrowly and resolve doubts in favor of letting the state action proceed." *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1068 (8th Cir. 1996).

Plaintiff argues only that enjoinment of the State Garnishment Proceeding is expressly authorized by an Act of Congress, specifically, § 1983. Plaintiff points to *Mitchum v. Foster*, 407 U.S. 225 (1972), and he contends, without citation to his Amended Complaint, that "this case is brought, in part, under 42 U.S.C. § 1983." (Doc. 56 at 8.) *Mitchum* did hold that § 1983 "is an Act of Congress that falls within the 'expressly authorized' exception" of the AIA because

2

legislative history indicated the "very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law" and Congress "plainly authorized the federal courts to issue injunctions in § 1983 actions, by expressly authorizing a 'suit in equity' as one of the means of redress." *Id.* at 242-43. However, Plaintiff has not brought a § 1983 claim; therefore, *Mitchum* is of no aid to Plaintiff. No federal statute expressly authorizes an injunction of the State Garnishment Proceeding under the present circumstances.

Moreover, the "necessary in aid of its jurisdiction" exception is inapplicable because this action is brought *in personam*. *See In re BankAmerica Corp. Sec. Litig.*, 263 F.3d 795, 801 (8th Cir. 2001) (concluding that the district court's injunction did not fit within the AIA's "exception for injunctions in aid of the district court's jurisdiction" because the federal action was an *in personam* proceeding); *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642 (1977) ("The traditional notion is that in personam actions in federal and state court may proceed concurrently, without interference from either court, and there is no evidence that the exception to § 2283 was intended to alter this balance."). Finally, "there is no preexisting federal judgment here to 'protect or effectuate.'" *Schnuelle v. Midstates Bank, N.A.*, No. 4:19-CV-3009, 2019 WL 2106539, at *1 (D. Neb. May 14, 2019) (citing *Jones v. St. Paul Companies, Inc.*, 495 F.3d 888, 892 (8th Cir. 2007)). Because the three exceptions to the AIA are inapplicable, the Court cannot stay the State Garnishment Proceeding. Accordingly, Plaintiff's motion for preliminary injunction and motion for temporary restraining order are **DENIED**.

### Conclusion

After careful consideration and for the reasons stated above, Plaintiff's motion for preliminary injunction, (Doc. 41), and motion for temporary restraining order, (Doc. 57), are **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 11, 2026

3